Daniel Patrick RAWLINS,
Plaintiff–Appellant,

v.

Terry STEWART, Director of ADOC, in
his individual and personal capacity;
George Herman, Warden; Laura Ra-
mirez Deputy Warden; Arthur Thi-
beault, Chaplain; Mike Linderman,
Chief Chaplain; Fife Symington, Gov-
ernor, Defendants–Appellees.

No. 99–15494.

D.C. No. CV–96–01846–ROS(LOA).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided March 23, 2001.

As Amended on Denial of Rehearing
April 18, 2001.

Before HUG, NOONAN, and W.
FLETCHER, Circuit Judges.

MEMORANDUM [1]

Daniel Patrick Rawlins (Rawlins) was an
inmate in the Arizona Department of Cor-
rections (ADOC) from January 16, 1996 to
September 26, 1997. While incarcerated,
Rawlins requested accommodation for his
faith as a New Covenant Hebrew, accom-
modation which included permission not to
work on Sabbaths, no unclean foods, un-
leavened bread during the Feast of Un-
leavened Bread, and food on the Sabbath

---

1. This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

that was prepared on a non-Sabbath. ADOC refused to accommodate Rawlins. On August 12, 1996 Rawlins filed a Complaint against ADOC officials for violation of his civil rights pursuant to 42 U.S.C. § 1983.

■ Rawlins asserts that his constitutional right to the free exercise of religion was violated when ADOC burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith, without showing justification reasonably related to legitimate penological interests. *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir.1997) (citing *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

■ However, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). That prisoners are entitled to accommodation for their religious beliefs where certain conduct is mandated by their religion and the accommodation does not threaten a legitimate penological interest is clearly established. *Freeman*, 125 F.3d at 736. More specifically, this Court has held that "[i]nmates . . . have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir.1987)(per curiam). Rawlins has alleged violation of his clearly established right, but if a reasonable official would not have understood that his actions violated the clearly established right, the official is protected from liability. *Harlow*, 457 U.S. at 818. Thus, Defendants are entitled to qualified immunity if a reasonable prison official would not have understood that: (1) Rawlins' beliefs as a New Covenant Hebrew were religious in nature (*see Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir.1981)); (2) Rawlins sincerely believed that his religion required him to abide by the tenets at issue (*id.*); and (3) the refusal to provide accommodation for the tenets was not reasonably related to a legitimate penological interest (*see Turner*, 482 U.S. at 89).

When Rawlins made his request for accommodation, he presented himself as a believer in a religion unknown to the prison authorities. His simple assertion of his beliefs without more was insufficient to alert the authorities to a constitutional duty of accommodation. The Free Exercise Clause undeniably protects even those beliefs that are not acceptable, logical, consistent or comprehensible to others, but the beliefs must be shown to have religious roots. *Thomas v. Review Bd. Employment Sec. Div.*, 450 U.S. 707, 714, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Thompson v. Souza*, 111 F.3d 694, 698 (9th Cir.1997) (citing *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (internal quotations omitted)). The authorities were neither plainly incompetent nor knowingly in violation of the law when they asked Rawlins to establish the religious character of his demands. Therefore, Defendants are entitled to qualified immunity.

Rawlins has moved to recuse the district judge in the event the case is remanded. Because we do not remand, the motion is moot.

For the reasons stated above, the judgment of the district court is *affirmed.*